IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

DWANE J. MIDDLETON,
Y21267,

    Plaintiff,

vs.

BERKLEY,

    Defendant.

Case No. 17-cv-547-DRH

**MEMORANDUM AND ORDER**

**HERNDON, District Judge:**

    Plaintiff Dwayne J. Middleton, currently incarcerated in Menard Correctional Center ("Menard"), brings this *pro se* action for deprivations of his constitutional rights pursuant to 42 U.S.C. § 1983. According to the Complaint, Defendant has been deliberately indifferent to Plaintiff's serious medical condition. Specifically, Plaintiff contends he suffers from Tourette's syndrome, a neurological disease which interferes with Plaintiff's ability to control his body. Plaintiff contends he has been denied medication for his condition and, as a result, has suffered several injuries because he is unable to control his body.

In connection with his claims, Plaintiff names Berkley, a correctional officer at Menard. Plaintiff seeks monetary damages and has not requested any form of injunctive relief.

This case is now before the Court for a preliminary review of the Complaint pursuant to 28 U.S.C. § 1915A, which provides:

> (a) **Screening** – The court shall review, before docketing, if feasible or, in any event, as soon as practicable after docketing, a complaint in a civil action in which a prisoner seeks redress from a governmental entity or officer or employee of a governmental entity.
> (b) **Grounds for Dismissal** – On review, the court shall identify cognizable claims or dismiss the complaint, or any portion of the complaint, if the complaint–
> (1) is frivolous, malicious, or fails to state a claim on which relief may be granted; or
> (2) seeks monetary relief from a defendant who is immune from such relief.

An action or claim is frivolous if "it lacks an arguable basis either in law or in fact." *Neitzke v. Williams*, 490 U.S. 319, 325 (1989). Frivolousness is an objective standard that refers to a claim that any reasonable person would find meritless. *Lee v. Clinton,* 209 F.3d 1025, 1026-27 (7th Cir. 2000). An action fails to state a claim upon which relief can be granted if it does not plead "enough facts to state a claim to relief that is plausible on its face." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007). The claim of entitlement to relief must cross "the line between possibility and plausibility." *Id*. at 557. At this juncture, the factual allegations of the *pro se* complaint are to be liberally construed. *See Rodriguez v. Plymouth Ambulance Serv.*, 577 F.3d 816, 821 (7th Cir. 2009).

Plaintiff's Complaint survives preliminary review.

## The Complaint

Plaintiff was transferred to Menard on Friday April 28, 2017. (Doc. 1, p. 5). Upon arrival at Menard, Plaintiff informed officials he suffered from Tourette's syndrome and identified the prescription medication he takes to control his condition. *Id.* Plaintiff was told he would see a doctor the following Monday. *Id.* However, as of May 14, 2017, Plaintiff had not been seen by a physician and had not received any medication for his condition. *Id.*

Plaintiff contends that because he is not receiving his medication he has suffered from several falls, causing various injuries. *Id.* (without medication Plaintiff's "body react[s] without any control"). Specifically, Plaintiff references the following incidents which he alleges were caused by failure to medicate his condition:

- May 5, 2017 – Plaintiff fell from the top bunk and landed on his back and head. The fall caused Plaintiff to lose his breath and left a bump on Plaintiff's head.

- May 13, 2017 – Plaintiff split his right eyelid open.

- May 16, 2017 – Plaintiff fell, splitting his left eyelid open and cutting his arm.

- May 16, 2017 (second incident) – Plaintiff fell landing on his hand. As a result, Plaintiff jammed his fingers and his hand is swollen and bruised.

*Id.*

Plaintiff contends he reported all of the injuries and his need for medical attention to Berkley. *Id.* Berkley responded by walking away, refusing to take Plaintiff to "medical" because it would be a waste of time, refusing to provide Plaintiff with grievance forms, and/or instructing Plaintiff to seek medical attention during another officer's shift. *Id.*

## Discussion

Based on the allegations of the Complaint and Plaintiff's articulation of his claims, the Court finds it convenient to divide the *pro se* action into a single count. Any other claim that is mentioned in the Complaint but not addressed in this Order should be considered dismissed without prejudice as inadequately pled under the *Twombly* pleading standard.

> **COUNT 1 –** Berkley responded to Plaintiff's serious medical need (Tourette's syndrome and related injuries) with deliberate indifference, in violation of the Eighth Amendment.

The Eighth Amendment of the United States Constitution bars the cruel and unusual punishment of prisoners, and prison officials violate this proscription "when they display deliberate indifference to serious medical needs of prisoners." *Greeno v. Daley*, 414 F.3d 645, 652-53 (7th Cir. 2005). To bring an Eighth Amendment claim, a prisoner has two hurdles to clear: he must first show that his medical condition is "objectively" serious, and he must then allege that the defendant acted with the requisite state of mind. *Jackson v. Ill. Medi-Car, Inc.*, 300 F.3d 760, 765 (7th Cir. 2002).

An objectively serious condition is "one that has been diagnosed by a physician as mandating treatment or one that is so obvious that even a lay person would easily recognize the necessity for a doctor's attention." *Wynn v. Southward*, 251 F.3d 588, 593 (7th Cir. 2001). A medical condition need not be life-threatening to be serious; rather, it can be a condition that would result in further significant injury or unnecessary and wanton infliction of pain if not treated. *Gayton v. McCoy*, 593 F.3d 610, 620 (7th Cir. 2010).

Plaintiff contends that he suffers from Tourette's syndrome and that this condition was diagnosed prior to his incarceration. Plaintiff further contends that, without medication, he cannot control his body. This claim is supported by the fact that Plaintiff has been deprived of his medication and has suffered from numerous falls. Considering the above, the Court finds that Plaintiff has sufficiently alleged the existence of a serious medical condition.

Plaintiff's Complaint also sufficiently alleges, at the screening stage, that Berkley acted with deliberate indifference. A correctional officer can be deliberately indifferent to an inmate's medical needs if he intentionally delays or denies access to care or if he intentionally interferes with prescribed treatment. *Walker v. Benjamin*, 293 F.3d 1030, 1040 (7th Cir. 2002) (deliberate indifference extends to guards who intentionally delay or deny access to medical care or who intentionally interfere with a prisoner's prescribed treatment (citing *Estelle v. Gamble*, 429 U.S. 97, 104, 97 S.Ct. 285, 50 L.Ed.2d 251 (1976)). Plaintiff alleges that after each fall and resultant injury, he requested medical treatment

and that Berkley denied or ignored Plaintiff's requests. While Berkley cannot be faulted for medical officials' failure to provide Plaintiff with necessary medication, he can be subject to liability for failure to inform the relevant medical officials about Plaintiff's need for medical treatment. *See Dobbey v. Mitchell-Lawshea*, 806 F.3d 938, 941 (7th Cir. 2015) ("Obviously the guard can't be faulted for being unable to treat an abscessed tooth, but he can be for not having reported [the] complaints...."). At this stage the Court takes the facts as alleged by plaintiff and the injuries cited, by inference, must be open and obvious even to the untrained eye.

Accordingly, Count 1 shall receive further review as to Berkley.

## **Injunctive Relief**

Plaintiff does not expressly seek injunctive relief in any form. However, given the nature of Plaintiff's claims – specifically the claim that without medication Plaintiff cannot control his body and is suffering from injuries as a result – the Court construes Plaintiff's Complaint as including a request for injunctive relief at the close of the case and as including a Motion for Preliminary Injunction. The warden is the appropriate party for injunctive relief in a case alleging deliberate indifference to serious medical needs. *Gonzales v. Feinerman*, 663 F.3d 311, 315 (7th Cir. 2011). Accordingly, the Clerk will be directed to add Jacqueline Lashbrook, the warden of Menard, in her official capacity, for purposes of carrying out any injunctive relief that is ordered.

## **Pending Motions**

6

Plaintiff's Motion for Leave to Proceed *In Forma Pauperis* (Doc. 2) shall be addressed in a separate Order of this Court. For purposes of determining how service of process shall proceed, however, the Court observes that Plaintiff appears to qualify for pauper status. Accordingly, service of summons and the Complaint will be effected at government expense. *See* 28 U.S.C. § 1915(d).

In addition, as noted above, based on the allegations in the Complaint, the Clerk shall be directed to add a Motion for Preliminary Injunction as a separate docket entry in CM/ECF. This motion shall be **REFERRED** to a United States Magistrate Judge for prompt disposition. If the Magistrate Judge's schedule does not allow for a prompt disposition, the judge shall notify the chambers of this for possible withdrawal of the referral.

## Disposition

The **Clerk** is **DIRECTED** to **ADD** a **Motion** for **Preliminary Injunction** as a separate docket entry in CM/ECF. This motion is hereby **REFERRED** to a United States Magistrate Judge for prompt disposition.

The **Clerk** is **DIRECTED** to add **JACQUELINE LASHBROOK, the warden of Menard**, in her official capacity, for purposes of carrying out any injunctive relief that is ordered.

**IT IS HEREBY ORDERED** that **COUNT 1** shall receive further review.

With respect to **COUNT 1**, the Clerk of the Court shall prepare for Defendants **BERKLEY** and **LASHBROOK:** (1) Form 5 (Notice of a Lawsuit and Request to Waive Service of a Summons), and (2) Form 6 (Waiver of Service of

Summons). The Clerk is **DIRECTED** to mail these forms, a copy of the complaint, and this Memorandum and Order to each Defendant's place of employment as identified by Plaintiff. If a Defendant fails to sign and return the Waiver of Service of Summons (Form 6) to the Clerk within 30 days from the date the forms were sent, the Clerk shall take appropriate steps to effect formal service on that Defendant, and the Court will require that Defendant to pay the full costs of formal service, to the extent authorized by the Federal Rules of Civil Procedure.

With respect to a Defendant who no longer can be found at the work address provided by Plaintiff, the employer shall furnish the Clerk with the Defendant's current work address, or, if not known, the Defendant's last-known address. This information shall be used only for sending the forms as directed above or for formally effecting service. Any documentation of the address shall be retained only by the Clerk. Address information shall not be maintained in the court file or disclosed by the Clerk.

Plaintiff shall serve upon Defendants (or upon defense counsel once an appearance is entered), a copy of every pleading or other document submitted for consideration by the Court. Plaintiff shall include with the original paper to be filed a certificate stating the date on which a true and correct copy of the document was served on Defendants or counsel. Any paper received by a district judge or magistrate judge that has not been filed with the Clerk or that fails to include a certificate of service will be disregarded by the Court.

Defendants are **ORDERED** to timely file an appropriate responsive pleading to the Complaint and shall not waive filing a reply pursuant to 42 U.S.C. § 1997e(g).

Pursuant to Local Rule 72.1(a)(2), this action is **REFERRED** to a **United States Magistrate** for further pre-trial proceedings. Further, this entire matter shall be **REFERRED** to a **United States Magistrate** for disposition, pursuant to Local Rule 72.2(b)(2) and 28 U.S.C. § 636(c), *if all parties consent to such a referral.*

If judgment is rendered against Plaintiff, and the judgment includes the payment of costs under § 1915, Plaintiff will be required to pay the full amount of the costs, regardless of the fact that his application to proceed *in forma pauperis* has been granted. *See* 28 U.S.C. § 1915(f)(2)(A).

Plaintiff is **ADVISED** that at the time application was made under 28 U.S.C. § 1915 for leave to commence this civil action without being required to prepay fees and costs or give security for the same, the applicant and his or her attorney were deemed to have entered into a stipulation that the recovery, if any, secured in the action shall be paid to the Clerk of the Court, who shall pay therefrom all unpaid costs taxed against plaintiff and remit the balance to plaintiff. Local Rule 3.1(c)(1).

Finally, Plaintiff is **ADVISED** that he is under a continuing obligation to keep the Clerk of Court and each opposing party informed of any change in his address; the Court will not independently investigate his whereabouts. This shall

be done in writing and not later than 7 days after a transfer or other change in address occurs. Failure to comply with this order will cause a delay in the transmission of court documents and may result in dismissal of this action for want of prosecution. *See* FED. R. CIV. P. 41(b).

**IT IS SO ORDERED.**

**DATED: May 24, 2017**

Judge Herndon
2017.05.24
18:22:58 -05'00'

United States District Judge